UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT WILDER, | : |
| *Plaintiff*, | : |
| v. | : Case No. 1:21-cv-00731 |
| RALPH YAMMINE, et. al. | : Judge Jeffery P. Hopkins |
| *Defendants*. | : |

## OPINION AND ORDER GRANTING MOTION TO REMAND

This case is before the Court on Plaintiff Robert Wilder's motion to remand (Doc. 12) (the "Motion") and the parties' responsive memoranda (Docs. 15 & 17). For the reasons stated below, the Court grants the Motion and remands this case to state court.

### I. BACKGROUND

Plaintiff allegedly entered into an agreement to renovate and manage certain units of Defendants' apartment building to be used as short-term rentals. Compl., Doc. 3 at PageID 30–39. When the business relationship between the parties deteriorated, Plaintiff initiated this action in the Hamilton County Court of Common Pleas, asserting Defendants have not paid Plaintiff what he is owed. *Id.* Plaintiff's Complaint asserts six state law claims, including breach of contract and fraud. *Id.* Each cause of action ends with an assertion along the lines of "Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $25,000." *Id.* at PageID 35–38.

Defendants removed the case to federal court based upon this Court's apparent diversity jurisdiction, citing the parties' diverse citizenship and Plaintiff's request for "no less

than $150,000 in damages." Doc. 1 at PageID 1–3. Asserting Defendants have "misunderstood [his] Complaint," Plaintiff asks this Court to remand the action back to state court because Plaintiff is *not* seeking damages in excess of $75,000, meaning that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Doc. 12 at PageID 65. The Motion includes the following stipulation regarding damages: "Plaintiff hereby stipulates that the relief he seeks, and will accept, is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief." *Id.* at PageID 69–70.

During briefing on the Motion, Plaintiff also filed a separately docketed stipulation reasserting that he is seeking less than $75,000 in total damages:

> As evidenced by the signature of counsel for Plaintiff Robert Wilder ("Plaintiff") below, Plaintiff hereby stipulates as follows:
>
> 1. In his Complaint filed with the Hamilton County, Ohio, Court of Common Pleas on October 19, 2021, Plaintiff asserted six causes of action against Defendants U.C. Tower, LLC, Daniel Wacks, R. Communities, LLC, and Ralph Yammine (collectively "Defendants").
>
> 2. Those six causes of action included (i) breach of contract, (ii) quantum meruit, (iii) unjust enrichment, (iv) fraud, (v) civil conspiracy, and (vi) violations of R.C. § 1333.61, et seq., all Ohio state law matters.
>
> 3. Pursuant to Rule 8(A) of the Ohio Rules of Civil Procedure, Plaintiff requested damages "in an amount to be determined in trial, but in no event less than $25,000.00" for each of the six causes of action. However, Plaintiff was not requesting damages in the total amount of $150,000.00.
>
> 4. Plaintiff also requested an award of punitive damages, attorneys' fees, injunctive relief, and any other legal or equitable relief that the court deemed proper.
>
> 5. Plaintiff seeks to unequivocally clarify that the relief he seeks, and will accept, for all six of his causes of action and prayer for relief, is limited to judgment in a total

2

> and cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief.
>
> This Stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by any Court having jurisdiction over this case to limit the amount of any award to him.

Doc. 16 at PageID 82–83.

As detailed below, the Court grants Plaintiff's Motion to remand because (1) Ohio's Civil Rule 8(A) prevents plaintiffs from pleading specific damages in a complaint; (2) Plaintiff has unequivocally stipulated to damages of less than $75,000; and (3) this is the first time Plaintiff is clarifying the amount of damages sought.

## II. STANDARD OF REVIEW

Defendants may remove a civil action initially filed in state court to federal district court if the district court would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the action is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

On motions to remand in diversity cases, courts look to whether subject matter jurisdiction existed at the "time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The burden is on the removing party to prove the district court has original jurisdiction over the claim. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). When jurisdiction is uncertain, the "removal statute shall be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

3

### III. ANALYSIS

The parties are not contesting the diversity of the parties.[1] Instead, the issue is limited to whether the amount in controversy meets the jurisdictional requirement and what impact, if any, Plaintiff's post-removal stipulation has on it. Courts in this Circuit hold that post-removal stipulations are effective (1) where the specific amount in controversy is being asserted for the first time, and (2) the statement is "unequivocal," placing actual limitations on the potential judgment amount. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). In this case, Plaintiff's stipulations meet both requirements.

Defendants argue that Plaintiff's complaint, when taken at face value, alleges over $150,000 in damages—$25,000 for each of the six counts in the complaint. The amount demanded in a plaintiff's initial pleadings generally "shall be deemed to be the amount in controversy" for purposes of removal actions under § 1332(a). 28 U.S.C. § 1446(c)(2). But when state procedure either does not permit a plaintiff to specify damages or allows recovery to exceed the amount demanded, the notice of removal may assert the amount in controversy. *Id.* In such a case, removal is only proper if the court finds by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id.*; *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). Because the Ohio Rules of Civil Procedure bar plaintiffs seeking more than $25,000 in damages from specifying the exact amount sought in their initial pleadings, Ohio R. Civ. P. 8(A), Plaintiff's complaint did not specify the exact damages sought.

---

[1] Plaintiff is a citizen of Ohio; Defendant Ralph Yammine is a citizen of Florida, and Defendant Daniel Wacks is a citizen of Tennessee. Because limited liability companies take on the citizenship of their members, *see Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022), Defendants U.C. Tower, LLC (whose two members are Florida citizens) and Defendant R. Communities, LLC (whose members are both Colorado citizens) are citizens of Florida and Colorado, respectively.

4

Defendants characterize Plaintiff's Motion as an attempt to reduce the amount in damages for purposes of destroying subject matter jurisdiction. Resp., Doc. 15 at PageID 77. While plaintiffs are barred from reducing the amount in controversy to qualify for remand, courts consider it a "clarification," rather than a reduction, when a plaintiff's post-removal stipulation is the "first time" the plaintiff has specified the amount in controversy. *Heyman*, 781 F. App'x at 469–70; *Shupe*, 566 F. App'x at 481. Here, Plaintiff's Motion to remand and subsequent reiterative stipulation constitute his first demand for specific damages. And Plaintiff's stipulations, which both provide that the "relief he seeks, and will accept, is limited" to a judgment of less than $75,000, are unequivocal and place actual limitations on the potential judgment in this case. *See Heyman*, 781 F. App'x at 470 (6th Cir. 2019) ("assert[ion] that [plaintiff] '*will not seek or accept* damages in excess of $75,000' . . has been found in other cases to be sufficient to limit a plaintiff's monetary recovery") (citing cases).

Defendants point out that in similar cases where courts have found post-removal stipulations limiting the amount in controversy to be a "clarification" and not a "reduction," the stipulation was filed separately from the motion for remand. Doc. 17 at PageID 77. While Defendants are correct that the stipulations in prior cases were filed separately, nothing in the holdings in those cases indicates that a separate stipulation is required. *See Total Quality Logistics, LLC v. Johnson*, No. 1:21-cv-467, 2021 U.S. Dist. LEXIS 147519, at *3 (S.D. Ohio Aug. 5, 2021); *Total Quality Logistics, LLC v. Reed Transp. Servs.*, No. 1:19-cv-182, 2019 U.S. Dist. Lexis 213291, at *4 (S.D. Ohio Dec. 11, 2019). Instead, the case law suggests that post-removal statements made in a motion to remand can be considered a first request for specified damages. *Heyman*, 781 F. App'x at 470 (finding that the problem with plaintiff's first post-removal statement regarding damages was that it did not unequivocally limit damages, not

5

that it was contained in the motion). *Shupe*, 566 F. App'x at 481. In any event, Plaintiff followed his initial stipulation in the Motion with a separate stipulation. Doc. 16.

Finally, Defendants claim that the calculation of damages in Plaintiff's stipulation ($71,982) fails to account for attorney's fees, punitive damages, or injunctive relief, which, when added, would exceed $75,000, is not well taken. Doc. 15 at PageID 78. Both of Plaintiff's stipulations clarify that the limited relief he seeks and will accept is inclusive of attorney's fees, punitive damages, or the fair value of injunctive relief. Doc. 12 at PageID 69–70; Doc. 16 at PageID 82–83.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to the Hamilton County Court of Common Pleas for all further proceedings, and the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2023

Hon. Jeffery P. Hopkins
United States District Judge

6